## GEORGE DIGGS, PETITIONER-RESPONDENT, v. MANALA-PAN TOWNSHIP, RESPONDENT-APPELLANT.

Monmouth County Court
Law Division

Decided January 15, 1960.

*Mr. Thomas F. Shebell* argued the cause for petitioner-respondent.

*Mr. Lewis P. Dolan, Jr.,* argued the cause for respondent-appellant (*Messrs. Dolan and Dolan,* attorneys).

EVANS, J. C. C.   The trial on appeal having been argued orally on the exhibits, transcript of the record and testimony on January 8, 1960, this memorandum is filed pursuant to R. R. 5:2–5(d).

Petitioner lives in Manalapan Township and worked for the defendant a couple of days a week during the winter of 1957, for which he was paid $10 a day.   Some time in October 1958, while petitioner was employed by one Fred Gloff and during that employment, he was injured and subsequently compensated for it.   Some time after that he returned to work for the township, doing "construction work, like cleaning ditches and cutting bushes along the road." He was injured on January 12, 1959 while assisting in the cutting in two of a big tree.   The defendant did not deny the employment but contended that the employment was casual employment and the pay or compensation was in the form of food tickets.   While the petitioner acknowledged the payment by the welfare director in food slips on occasions in constant weekly amounts, he testified of cash payments and his hiring by another municipal employee.   After the petitioner's case was completed defendant made a motion for dismissal of the complaint, which was denied by the Deputy Director.   No evidence was thereafter introduced on the part of the defendant other than medical.

In 1958 Justice Proctor, speaking for the Supreme Court in *Wilson v. Faull*, 27 *N. J.* 105, 107, 116, said:

"Workmen's compensation laws were designed to provide an expeditious and certain remedy for employees who sustain work injuries by the statutory imposition of absolute but limited and determinate liability upon the employer.   *Cardillo v. Liberty Mutual Insurance Co.*, 330 *U. S.* 469, 67 *S. Ct.* 801, 91 *L. Ed.* 1028 (1947) ; *Sexton v. Newark District Telegraph Co.*, 84 *N. J. L.* 85 (*Sup. Ct.* 1913)."

In 1957 Justice Burling said:

"[The Supreme Court has] frequently admonished that the act is to be liberally construed 'to alleviate consequences of personal injuries caused by employment and to effect a measure of economic

security for the workman so injured and to place the burden thereof upon industry.' *Gargiulo v. Gargiulo* [13 *N. J.* 8], *supra*, 13 *N. J.*, at *page* 13." *Howard v. Harwood's Restaurant Co.*, 25 *N. J.* 72, 88 (1957).

Employer, employee and casual employment are defined by *R. S.* 34:15–36, as amended:

"'Employer' is declared to be synonymous with master, and includes natural persons, partnerships, and corporations; 'employee' is synonymous with servant, and includes all natural persons, including officers of corporations, who perform service for an employer for financial consideration, exclusive of casual employments, which shall be defined, if in connection with the employer's business, as employment the occasion for which arises by chance or is purely accidental; or if not in connection with any business of the employer, as employment not regular, periodic or recurring; provided, however, that forest fire wardens and forest fire fighters employed by the State of New Jersey shall, in no event, be deemed casual employees."

This court is satisfied that the hiring here is distinguishable from that in the case of *Thompson v. Wagner,* 103 *N. J. L.* 230 (*Sup. Ct.* 1927), where the employee was one of many hired temporarily for the removal of snow. This court is further satisfied that the evidence adduced was sufficient to exclude it from the foregoing statutory definition of casual employment. Since there is some involvement with the welfare department of the defendant municipality, some special consideration might have to be given to that evidence if the Legislature in its wisdom had not clearly stated when employment by a municipality in connection with relief would be characterized as casual employment.

The Legislature categorized public employment under plan of relief by *R. S.* 34:15–43.1:

"Employment provided by this state, or by any county or municipality, or by any board, commission, or agency thereof, pursuant to any plan of relief heretofore or hereafter authorized in accordance with chapter 8 of the title Poor (§ 44:8–1 *et seq.*) is hereby declared to be casual employment, as the term 'casual employment' is used and defined in chapter 15 of this title (§ 34:15–1 *et seq.*);

and no personal injury or death by accident arising out of and in the course of such employment shall be deemed or held to. be compensable thereunder."

No proof of an authorized plan of relief within the defendant municipality was offered or produced and it must therefore be said that defendant has failed in its burden.

"The burden of proving that the employment was casual rests upon the employer. *Burdick v. Liberty Motor Freight Lines, Inc.*, 128 *N. J. L.* 229 (*Sup. Ct.* 1942) ; *Stein v. Felden*, 17 *N. J. Super.* 311, 314 (*App. Div.* 1952) ; *Haytko v. William Crabb & Co.*, 17 *N. J. Super.* 95, 97 (*Cty. Ct.* 1951), affirmed *per curiam* 21 *N. J. Super.* 330 (*App. Div.* 1952)."

For the reasons expressed above the award of the Deputy Director is affirmed.